Haynes, J.
The original petition in error in this case was filed in this is court for the purpose of reversing the judgment of the court of common pleas in a certain case pending in that court wherein Valentine Fries was plaintiff, and The Wheeling and Lake Erie Rail way Company, and also The Wheeling and Lake Erie Railroad Company now defendants.
After the case was passed upon by the circuit court, it was taken to the supreme court, and the judgment of the circuit court was reversed by the supreme court and the cause remanded to this court for further proceedings, see 37 Weekly Law Bulletin, 230.
When the case was in this court before the judgment of the common pleas was reversed because it refused to sustain the demurrer to the petition of the plaintiff, the point of law being that the action was barred by the statute of limitations.
The other questions that were raised in the case, this court did not pass upon, and the supreme court, in reversing the case, passed only upon the question passed upon by this court, and remanded the case here with instructions to this court to pass upon the remaining errors assigned,in the case.
*57 The remaining errors are the ones,that are before us and upon which we are called upon to pass.
The action, as it will be remembered, was brought by Fries against the Railway Company for that it had taken possession of about three and one half acres of land of a certain farm in this county,for railroad purposes, having entered upon the land without any grant or conveyance from, or agreement in writing with the owners thereof, with only verbal consent of plaintiff, “on condition of compensation never performed;” so that the entry, whatever it was, upon the land was never made under any agreement in writing, nor under any proceeding for the appropriation of the property, but was made, as the supreme court say, with the consent of the party, but not in writing.
The supieme court have made two points in the case that should be referred to by us in entering upon the decision of this case. In the first place, the supreme court discussed the question as to the remedy which the party was entitled to, and in doing that, they discussed section 6448, and also section 6449, which provide that in certain cases, a party whose land has been entered upon by a railway company without the consent of the owner, in writing, may be compelled to proceed and appropriate the property by regular appropriation proceedings.
In passing upon that, they say, after discussing it at considerable length (37 Weekly Law Bulletin, 233):
“If the conclusions hereinbefore stated are correct, the plaintiff had an election to proceed under the statute and compel an appropriation, or, accepting the acts of the company as an appropriation, sue for compensation. If he resorted to the former remedy, the inquiry might include as well damages to remaining lands as compensation for the land taken, and would be conducted in the probate court, inasmuch as that court alone, (save under exceptional conditions named in the statute), has jurisdiction in the appropriation proceedings. If, however, he preferred *58 the latter remedy,his action might be instituted,as it was,in the common pleas. But the remedy in the latter court could go no farther than compensation for land actually taken. To broaden the inquiry in such case into an assessment for other lands would, practically, make an appropriation case of it, and we think it clear that the statute implies that jurisdiction to entertain such inquiry shall, (save in the exceptional instances), be confined to the probate court. ”
It will be observed that they clearly decide there, that compensation must be for land actually taken, which here was three acres and a fraction of an acre. And further the court say:
“Having a choice of remedies, the plaintiff would not be held to have elected until some steps were taken looking to an enforcement of the particular remedy chosen.
“The defendant’s argument upon the statute of limitations seems to proceed upon the theory that the plaintiff’s consent to the entry of the company was, of itself, an election to' proceed for compensation only. We cannot so regard it. It is mere assumption at best, unreasonable and illiberal. We should not presume,in the absence of proof tending to establish it, that a party has selected his least valuable alternative. But. aside from this, the assumption is utterly inconsistent with the conclusion already announced that the plaintiff had a choice of remedies, since it makes the very act which clothes him with a right to a choice of two remedies, determine conclusively that he has but one.
“It is not important to consider here what would amount to an election, though we would suppose that it should be some unequivocal act not consistent with any other conclusion.
“Therefore, if the six years’ limitation applies to the remedy of compensation (and we do not find it necessary to determine whether it does or not), a demurrer setting up that statute would not be well taken unless it appeared by the pleading that six years had elapsed after election made and before suit. And applying that conclusion to the plaintiff’s second amended petition, it does not appear to be open to the objection. Hence, the demurrer to that pleading was properly overruled’’.
*59 It will be observed here that they decide that the statute of limitations does not commence to run until election is made, and in as much as it did not appear upon the face of the petition that that was more than six years before the commencement of the suit, even assuming that the circuit court had found that the limitation was six years,that the period of limitation had not expired. With this light before us, we must proceed to the decision of the remaining errors assigned, and they are:
1. That the court erred in sustaining the demurrer^to the second and third offenses in the amended answer to the second amended petition.
Said court erred in the admission of evidence offered by the plaintiff.
Said court erred in the rejection of evidence offered by the defendant.
Said court erred in its charge to the jury.
Said court erred in refusing to charge the jury as requested by the defendant.
Said court erred in overruling the motion for a new trial.
Said court erred in overruling the motion of the defendant to arrest the judgment.
First, in regard to sustaining the demurrer: The second amended petition having been filed, setting up various facts as a first defense, and then for a second defense:
‘ ‘ This defendant says that the cause of action in said second amended petition set forth, accrued in the year 1880, and that said cause of action did not accrue within six years next before this action was begnn.”
For a third defense:
“This defendant says that the cause of action in said second amended petition set forth, accrued in the year 1880; and that said cause of action did not accrue within ten years next before said second amended petition was filed.”
If it were necessary, I think we should hold to our original position until the supreme court has decided one way or the other as to whether the six years’ statute applies or not *60 —we should hold to our original decision that the six years’ statute applies to this case.
Suffice it to say that the pleadings show this: That the defendant railway company took possession of the land,succeeding the railroad company, some time in the year 1886.
Subsequently to that time, but what time is not stated,the plaintiff, Fries, tendered, or caused to be tendered to the railway company, a deed of the premises, and demanded payment for the same.
Suit was commenced in 1889, so that in truth and in fact, upon these pleadings, it is very evident that the tender of the deed was not made until after 1886, and consequently was made within six years next preceding the commencement of the action.
So if we hold that the six years’ statute of limitations was the true statute to apply, upon that state of facts, the suit would not be barred, because it was brought within six years from the tendering of the deed.
I am unable to see why we should not look to the petition for the facts in the case. It is true, the demurrer admits the facts as stated in the answer, and this statute is pleaded in bar to the action; that the general rule is that the demurrer to the answer searches the record,
I am unable to see why that should not apply to a case of this kind, so that, when this answer says the cause of action arose in the year 1880, I do not see why we cannot look back to the petition to see when the cause of action did arise.
In doing so, we find it arose within six years prior to the commencement of the suit; so that we are of the opinion that the court did not err in sustaining the demurrer to these defenses.
It was insisted here', among other things, that the court had erred in refusing to admit evidence of a certain written contract. It was not pleaded, tbe plaintiff having averred *61 that the land had been entered with verbal consent,or consent not in writing, The defendant,for the purpose of sustaining the issue in regard to that, offered a certain contract, or attempted to offer it. That contract is not before us; it was not incorporated into the bill of exceptions. We do not know what was in it, except from remarks of counsel in regard to the matter. From the bill of exceptions it appears that a witness by the name of Perrin was put upon the witness stand, who at one time had something to do with obtaining the right of way across the premises, and counsel proceeded to inquire of him in regard to whether or not he had received from Brown a paper; and it appears from the testimony that he did obtain some paper from Brown, and the defendant company produced the paper and offered to show that John Brown authorized Caleb Brown to execute the paper, or sign the paper for him, saying, in substance, that he could make a contract with the company for the land.
The statute of frauds provides that the authority to sign a contract in regard to the sale of land must itself be the writing; so that, so far as John Brown is concerned, there is no legal evidence to show that he ever consented to this contract in any manner or form, and the only paper they had was simply that signed by Caleb Brown, a part-owner of the property.
It will be sufficient, however, in passing upon this point, to say that so long as that paper itself is not before this court, we are unable to say whether it was relevant to the issue or not; and for that reason we should refuse to reverse the action of the court in refusing to admit it.
But even on the assumption that it was signed by Caleb Brown, and in some way related to the possession of this property, still, we hold that, under the issues joined here, it was irrelevant matter, and was properly ruled out by the court.
Now, that brings us to the main question in the case. *62 and one to which we have given a good deal of thought; and that is in regard to the time — the time when this action accrued; the time at which the evidence in regard to value should be limited.
It was held by the common pleas court that the cause of action arose in 1880, at the time the railroad company went into possession of the property; and the decision of the circuit court heretofore made, was based upon that assumption. The supreme court, however, has laid down a rule that we think is substantially different from that assumed by the circuit court upon the former hearing.
They have held, as we understand the decision, that the cause of action did not accrue until the tendering of the deed.
It seems to us that,if the cause of action arose at the time the deed was tendered, that the evidence must be confined, in regard to the value of the land, to that date — the date when the cause of action accrued, and that it cannot antedate it.
Some light may be thrown on this case — I think a great deal of light, is thrown upon it- — by the case of Railway Company against O’Harra, found in the 50 Ohio St., at page 667. That is one of a series of cases that arose in Mahoning county, at Youngstown. It is a case where a lady — decedent in the case — owned some property;’ she owned a lot in town, and some property outside the city limits. The railway company, with the consent of the public authorities, built their railroad along the street in front|of the property, and, as it was claimed, to the great injury of the property itself. The railway company seemed to have used the street for some time before the action was brought. Meanwhile, the lady herself died,and O’Harra was appointed administrator of her estate, and thereupon he brought suit against the railway company in an action at law, in the court of common pleas,to recover for damages which, as he claimed,. *63 accrued to the property by reason of the interruption-to the right of way, or ingress and egress from the property; and he also brought suit for the value of the real estate that belonged to the plaintiff lying in the street,subject, of course, to the easement of the public in using it as a road.
The case went to trial, and finally came up before the supreme court, and the supreme court passed upon the questions that arose there.
It was contended upon the one side that, after the railroad company had entered upon the land, the right of the party to recover the value of that land was a chose in action which vested in the administrator upon the death of the owner, and thereafter the administrator was the party to sue for the full value.
The contention upon the other side was, that the title to the land remained in the lady herself until Per death, although the railroad company had gone into possession,and upon her death vested in her heirs at law, and thát the heirs were the proper parties to bring suit.
The supreme court say, in regard to that (I read from page 678):
“It seems to be settled by the previous decisions of this court that the wrongful taking of land by a railroad company for a right of way, does not divest the title of the owner, and reduce his remedy to a mere claim for compensation and damages. He continues the legal owner of the land, and has the right to recover it in any period short of twenty-one years from the taking. Railroad Company v. Robbins, 35 Ohio St., 483; Warner v. Tanner, 38 Ohio St., 120; Railroad v. O’Harra, 48 Ohio St., 343; Railroad v. Perkins, 49 Ohio St., 326-333; and it necessarily follows that at his death, his title to the land, with the right of recovery, as well as the right to compel the company to condemn and pay for the land under section 6448, Revised Statutes, descends to his heir, and not to his administrator. Hence," *64 so far as the administrator sought to recover for any part of the land taken, included in the highway, the right of action was in the heir, and not in him, and he had no right to sue therefor. And the same is true as to any compensation sought for the taking of the easement of the decedent in the highway as a means of ingress and egress to her lands. An easement of this kind belongs to the land, is a part of the realty, and on the death of the owner passes with the land to his heir. The administrator cannot recover the land, nor compel compensation to be made, for, as shown in Railway Company v. Perkins, this can only be done by the “owner” of the property taken. But as to the damage which accrued in the lifetime of the decedent from the wrongful use made of her lands, the interruption of her easement, and the consequential injuries to her other lands, and for which she could have maintained a personal action, the case is different. Being choses in action, the right to recover the same passed, at her death, to the personal representative as a part of her personal estate; and could only be recovered by the administrator within the time limited for the commencement of such actions, which is four years. It therefore appears, as we think, that the court erred in admitting any evidence under the petition, for the reason that the right to recover compensation for the taking of the highway and her easement therein, was'in the heir, and not in the administrator; and the right to recover the damages that had been done to her property in her lifetime, was barred by the statute of limitations, pleaded in the answer; and, of course, he could recover nothing for damages of any kind to the land that accrued subsequently to the death of the decedent,for the right to such damages is in the owner of the land. ”
Taking this ease and the decision of the supreme court in the case at bar, and it establishes this fact- — that this property belonged to Mr. Fries up to the time that he tendered the deed, and in tendering the deed, he elected to hold the railroad company for that land, and to receive for it the compensation which was due him for the value of the land; and by that election his cause of action arose, and he had the right to bring and maintain his suit; but we are *65 unable, as I have already stated, to see why, if that be the case, (and we have no doubt about the correctness of that conclusion), damages should not be awarded of the date when the title to the property passed; that is, for the value of the land to Fries.
Now, that brings us to the question of the conduct of the trial that we are to pass upon, arising upon the admission of evidence, and the charge of the court.
Counsel proceeded in the trial of the case; to offer testimony as to the value of the land when the railroad company' went into possession, in the year 1880, and the whole testimony was with reference to that time, so far as the time was concerned. He offered testimony tending to show the value of the three acres and the fractional acre; and he offered testimony tending to show injury to the remainder of the farm by reason of taking and using the land for railroad purposes. This was done over objection of counsel for the defense. We do not find any testimony showing the value of the land at the time the deed was delivered.
There is no evidence tending to show when the deed was offered, that we can find; nor is there any evidence to show the value of the land at that time. I make that remark in passing, in view of the suggestion made by counsel in his brief in regard to a remittitur; if there is any evidence of that character, it can be pointed out to us, and we shall be glad to consider it.
If we are correct in the conclusion that we have already stated, in regard to the time when the damages should be assessed or proven, then it follows that all the evidence that was admitted by the court, of that substance, was erroneous, in that it was offered and directed to a point of time prior to the time when the cause of action accrued.
The evidence being offered, and being before the jury, the court proceeded to charge the jury; but first, a certain request was made by the counsel on behalf of the railway company:
*66 “Thereupon the defendant,, The Wheeling and Lake Erie Railway Company requested the court to give the -jury the following charge: ‘In this action, the plaintiff is not entitled to recover damages to land not taken by the railroad company, but is restricted to compensation for land taken. ’ This requestJhe court refused to give to the jury,to which refusal of the court the said defendant, by its counsel, then and there excepted,,
That request is in strict accordance with the decision of the supreme court as rendered a few weeks ago in this case. The court erred,therefore, in refusing to give it. The said railway company further requested the court to charge the jury:
“If the jury find in this action that the plaintiff is entitled to compensation for land taken by the railroad company, the measure of that compensation is the value of the land at the present time. ”
That request the court refused to give, and the court was right in that, if our views are right. The value should have been of the time the deed was tendered- — -when the cause of action arose.
“3. If the jury shall find that the railroad company entered upon the land with the consent of its owners, the plaintiff is not entitled to damages which accrued previous to March 4, 1880, the date of the sheriff’s deed to the plaintiff. ”
This request the court gave to the jury.
The next request (the fourth), was in regard to the passing of the title We agree with that. I will read the fourth request:
“If the jury shall find that the railroad company took the land with the consent of its owners, the remedy of the owners is by suit to recover compensation, which is a chose in action belonging to such owners and does not pass to a subsequent purchaser at sheriff’s sale.”
The court below refused to give the fourth request, and *67 that was correct, according to the decision of the supreme court, as we understand it.
“5. The burden of proof, is upon the plaintiff to show that the land was taken by the railroad company without any equitable title thereto.”
That the court refused to give. We see no error in that ruling.
The sixth request is in regard to possession, and is of no materiality. It was given to the jury.
The court, after stating the facts in the case to the jury, stated the law briefly:
“Should your verdict be for the plaintiff, he will be entitled to the fuli value of the 3.56-100 acres of land at the time it was taken — March 4, 1880, with interest thereon, up to October 30, 1893; also to any damage that you may find resulted to the balance of said tract of land by reason of the entry and use of said strip for such purposes and its use, as shown by the evidence; but such damage to be considered by you, must be real and immediate — not merely imaginary, or such as may, by possibility, result therefrom. ”
The court erred, as the supreme court say, practically, in charging that they might find any damage “which you find resulted to the balance of said tract of land by reason of the entry and use of said strip for such purpose.”
In regard to the damages, there can be no question, after reading the evidence in the case, that, as a matter of fact, the jury did take into consideration the damages resulting to the balance of the farm over and above the value of the land taken. The presumption of law would be that they did; the presumption of law would be that, that part of the charge being erroneous, it was manifestly injurious to the defendant, and if that be true, the judgment should be reversed. But it is manifest that those damages must have entered into the consideration of the jury and formed a part of the verdict.
We think the court erred in refusing to set aside the verdict, first, on the ground that it was contrary to law, and *68 for the further reason that the court proceeded upon the wrong theory id trying the case; second, because the damages were excessive; they were excessive because the damages that were included arose out of the testimony that was illegally permitted to go to the jury.
Swayne, Hayes & Tyler, for Plaintiffs in Error.
Stewart & Rowley, for Defendants in Error.
This, we believe, substantially covers all the points of the case. It necessarily follows, from the decision of the supreme court, that the case must be reversed.
Counsel said something in regard to remittitur. We would very gladly fix the amount that would be satisfactory if we could do so upon the testimony; but the testimony shows that the bare land itself was worth from $100 to $125 per acre, but that there had been a partial fall in price between the time when it is stated that the land was worth that sum and the commencement of the suit. The verdict was about $2,900.
We do not find ourselves possessed of any sufficient information as to the value at the time the deed was tendered to enable us to fix the amount. The judgment of the court of common pleas will therefore be reversed, the verdict set aside and the cause remanded for a new trial.